**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES GENCARELLI, <br><br> Plaintiff, <br><br> v. <br><br> THE COCA-COLA COMPANY, *et al.*, <br><br> Defendants. | Civil Action No. 19-18902 (ES) (MAH) <br><br> MEMORANDUM OPINION |

**SALAS, DISTRICT JUDGE**

Before the Court is *pro se* plaintiff James Gencarelli's ("Plaintiff") application to proceed *in forma pauperis* ("IFP"). (D.E. No. 1-4). The Court decides this matter without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). And it appearing that:

1. 28 U.S.C. § 1915 ensures that "no citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, in any court of the United States solely because his poverty makes it impossible for him to pay or secure the costs." *Adkins v. Dupont Co.*, 335 U.S. 331, 342 (1948) (internal quotation marks omitted). In order to satisfy this test, a litigant must show that he "cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339 (internal quotation marks omitted). In making this determination, the question is "whether the litigant is 'unable to pay' the costs, and the answer has consistently depended in part on [the] litigant's actual ability to get funds from a spouse, a parent, an adult sibling, or other next friend." *Williams v. Spencer*, 455 F. Supp. 205, 209 (D. Md. 1978). Thus, courts have generally taken a spouse's support into consideration. *See, e.g.*, *Cross v. General Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983)

(husband's IFP status revoked where it was discovered that he underreported wife's income on original application); *United States v. Stone*, 298 F.2d 441 (4th Cir. 1962) (husband and wife's income considered together); *accord Jones v. State*, 893 F. Supp. 643, 646 (E.D. Tex. 1995); *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 686 F. Supp. 385 (N.D.N.Y. 1988), *aff'd*, 865 F.2d 22 (2nd Cir. 1988); *Sejeck v. Singer Mfg. Co.*, 113 F. Supp. 281 (D.N.J. 1953).

2. At the onset, the Court notes that it has some concerns with Plaintiff's application. First, although Plaintiff's alleged monthly income is only $770, it appears that Plaintiff spends almost half of it in non-necessities. Particularly, Plaintiff admits that he spends approximately $100 a month on "recreation, entertainment, newspapers, magazines, etc." (D.E. No. 1-4 at 4). He further states that he spends $200 a month on gas, yet, he allegedly has no automobile or job that would necessitate such an expenditure. (*See id.*). Thus, the Court is unable to find that these expenditures can be considered "necessities" within the IFP statute. *See Temple v. Ellerthorpe*, 586 F. Supp. 848 (D.R.I. 1984) (defining "basic human needs" as "food, shelter, clothing, health care, and the like"); *Gomez v. Markley*, No. 07-0868, 2011 WL 1900057, at *2 (W.D. Pa. May 19, 2011).

3. Second, Plaintiff's wife has a monthly income of approximately $5,000 ($6,000 gross) from her employment, as well as $400 from interest and dividends. (D.E. No. 1-4 at 1). Thus, Plaintiff's total household monthly income is approximately $6,170 ($74,040 annually), which seems to hardly qualify as "indigent." Similarly, Plaintiff asserts that he personally has monthly expenses of approximately $700, while his wife's expenditures are approximately $1,850. (*Id.* at 4). Thus, Plaintiff's household monthly expenses total approximately $2,550; roughly 41% of the total monthly household income. Moreover, on the face of the IFP application, it appears that Plaintiff and his wife actually share the costs of their necessities—Plaintiff apparently

covering all their food expenses and his wife covers their housing and the like. (*See id.* at 4–5).

4. Third, Plaintiff has filed numerous federal lawsuits throughout the country using the IFP statute to avoid paying the filing fee. *See, e.g.*, *Gencarelli v. Twentieth Century Fox Film Corp, et al.*, Civ. A. No. 17-cv-2818 (C.D. Cal.); *Gencarelli v. Democratic Nat'l Comm., et al.*, 17-cv-0721 (D.D.C.); *Gencarelli v. New Jersey Dept. of Labor & Workforce Dev.*, Civ. A. No. 15-cv-3405 (D.N.J.); *Gencarelli v. Zurn Indus.*, Civ. A. No. 15-cv-5301 (D.N.J.); *Gencarelli v. Macy's Inc., et al.*, Civ. A. No. 14-cv-4348 (D.N.J.); *Gencarelli v. Kabir's Bakery, et al.*, Civ. A. No. 14-cv-7390 (E.D.N.Y.); *Gencarelli v. McDonald's Corp*, Civ. A. 11-cv-5573 (N.D. Ill.); *Gencarelli v. Cablevision Sys. Corp.*, Civ. A. No. 10-cv-4092 (E.D.N.Y.); *Gencarelli v. AT&T Wireless Serv.*, Civ. A. No. 04-cv-1032 (D.N.J.); *Gencarelli v. Headline Promotions, et al.*, Civ. A. No. 98-cv-5661 (E.D. Pa.); *Gencarelli v. Int'l Discount Telecomm.*, Civ. A. No. 96-cv-0477 (D.N.J.); *Gencarelli v. State of New Jersey, et al.*, Civ. A. No. 96-cv-3525 (D.N.J.).[1] At first glance, this could give rise to the appearance that Plaintiff has used the IFP statute to subsidize his litigiousness on the taxpayers' dime. Such a practice would be at odds with the underling purpose of the IFP statute, which is to ensure that *indigence* and *poverty* do not interfere with the accomplishment of *justice*. *See Adkins*, 335 U.S. at 342; *Souder v. McGuire*, 516 F.2d 820, 823 (3d Cir. 1975). Indeed, courts have exercised their "discretion to deny *in forma pauperis* status to persons who have abused the privilege." *See, e.g.*, *Aruanno v. Davis*, 42 F. Supp. 3d 618, 621–22 (D.N.J. 2014) (collecting cases).

5. Still, the Court is cognizant that "[t]he purpose of § 1915 is to provide an entré, not a barrier, to the indigent seeking relief in the federal court." *Souder*, 516 F.2d at 823. And though

---

[1] Notably, although many of these suits have been dismissed outright as meritless, it appears a few culminated in settlements. Yet, Plaintiff's IFP applications for these cases indicate that his income and assets have apparently remaining largely the same.

at a glance Plaintiff's alleged finances and use of the IFP statute seem rather peculiar, the Court feels compelled at this time to take Plaintiff's statements, made under penalty of perjury, as true. (*See* D.E. No. 1-4 at 1). Additionally, he has submitted an affidavit from his wife (also under penalty of perjury) attesting that she and Plaintiff have a marital agreement under which they keep all their "monies separate, 'unless' [there is] a medical emergency," and that she "will provide no monetary funding to the plaintiff." (D.E. No. 2). Accordingly, at this time the Court will grant the IFP application. However, the Court may, if necessary, request additional financial information at a later point. Additionally, should any of the statements made in support of the IFP application be found to be false, the Court may dismiss this action and may impose additional appropriate sanctions.[2]

6. Having granted Plaintiff's IFP application, the Court will screen the Complaint before permitting service of process. *See Burrell v. Loungo*, 750 F. App'x 149, 154 (3d Cir. 2018). Particularly, the Court must *sua sponte* dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2); *El v. Marino*, 722 F. App'x 262, 266 n.3 (3d Cir. 2018). When considering dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim, the Court applies the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). To survive dismissal under Rule 12(b)(6), a complaint must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff

---

[2] The Court notes that "[o]ne who subscribes to a false statement under penalty of perjury pursuant to section 1746 may be charged with perjury under 18 U.S.C. § 1621, just as if the statement were made under oath." *Dickinson v. Wainwright*, 626 F.2d 1184, 1186 (5th Cir. 1980).

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The Court must "accept all factual allegations as true, [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). "The Court need not, however, credit a *pro se* plaintiffs 'bald assertions' or 'legal conclusions.'" *D'Agostino v. CECOMRDEC*, No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 10, 2010).

7. The Complaint before the Court alleges that on July 16, 2019, Plaintiff purchased a Coca-Cola product in a can (the "Product"), and after consuming it, he "suffered an intense painful burning feeling on the lips, throat and mouth and suffered injuries."[3] (D.E. No. 1 ¶ 2). Apparently, the Product's acidity value was "nearly 10x more acidic that Coca-Cola is intended to be." (*Id.* ¶ 5). Plaintiff asserts state law tort claims against the Coca-Cola Company; James Quincey as the Chief Executive Officer of the Coca-Cola Company; Liberty Coca-Cola Beverages, LLC ("Liberty"); as well as Paul Mulligan and Francis McGorry as "co-owners" of Liberty. (*Id.* ¶¶ 23–38).

8. As currently plead, however, the Complaint fails to meet the requirements of notice pleading. Rule 8(a)(2) requires that a complaint set forth the plaintiff's claims with enough specificity as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotation marks omitted). The complaint must contain "sufficient facts to put the proper defendants on notice so they can frame an answer" to the plaintiff's allegations. *Dist. Council 47, Am. Fed'n of State, Cty. & Mun. Emps., AFL–CIO by Cronin v. Bradley*, 795 F.2d 310, 315 (3d Cir. 1986). Importantly, a plaintiff must "specify which defendants performed which acts." *Zuniga v. Am. Home Mortg.*, No. 14-2973, 2016 WL 886214,

---

[3] Plaintiff does not specify what sort of "injuries" he suffered.

at *2 (D.N.J. Mar. 7, 2016).

9. Here, the Complaint refers to actions taken by "Defendants" or "Defendant" interchangeably, without specifying which named defendant undertook which action. In fact, the Complaint provides no factual allegations of any acts specifically undertaken by Liberty, Quincey, Mulligan, or McGorry that would connect them to Plaintiff's alleged injury in any way, much less that would give rise to a plausible claim for relief. (*See generally* D.E. No. 1). Because such a vague group pleading "undermines the notice pleading regime of Rule 8," *Japhet v. Francis E. Parker Mem'l Home, Inc.*, No. 14-1206, 2014 WL 3809173, at *2 (D.N.J. July 31, 2014), the Complaint must be dismissed as it simply fails to place each defendants on notice of the claims against each of them. *See, e.g.*, *Ingris v. Borough of Caldwell*, No. 14-0855, 2015 WL 3613499, at *5 (D.N.J. June 9, 2015) ("[T]o the extent Plaintiff seeks to lump several defendants together without setting forth what each particular defendant is alleged to have done, he has engaged in impermissibly vague group pleading."); *Japhet*, 2014 WL 3809173, at *2 ("Alleging that 'Defendants' undertook certain illegal acts—without more—injects an inherently speculative nature into the pleadings, forcing both the Defendants and the Court to guess who did what to whom [and] when. Such speculation is anathema to contemporary pleading standards.").

10. Additionally, to the extent Plaintiff asserts claims against Quincey, Mulligan, and McGorry merely because they are officers or principals of the two named entities, the Complaint cannot state a plausible claim for relief as a matter of law. New Jersey law is clear that a corporation is a separate entity from its corporate principals and officers. *See, e.g., State Dep't of Environ. Prot. v. Ventron Corp.*, 468 A.2d 150, 164 (N.J. 1983). "In fact, the essence of incorporation is to insulate corporate principals from personal liability for corporate acts." *Circuit Lighting, Inc. v. Progressive Prod., Inc.*, No. 12-5612, 2013 WL 4510134, at *5 (D.N.J. Aug. 23,

6

2013).  Thus, absent an appropriate factual basis that would justify the extraordinary remedy of piercing the corporate veil, a complaint cannot state a plausible claim for relief against the principals and officers of the defendant corporations.  *See, e.g.*, *Circuit Lighting, Inc.*, 2013 WL 4510134, at *6; *Natralite Filters, Inc. v. Rexel, Inc.*, No. 11-1557, 2012 WL 529581, at *6 (D.N.J. Feb. 17, 2012).

11.     Accordingly, the Complaint will be dismissed *without prejudice*.  An appropriate Order accompanies this Memorandum Opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**